## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT GRATEROL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV-26-927-SLP |
| | ) |
| MARKWAYNE MULLIN, Secretary | ) |
| of U.S. Department of Homeland | ) |
| Security et al., | ) |
| | ) |
| Respondents. | ) |

### REPORT AND RECOMMENDATION

Petitioner, an immigration detainee proceeding pro se, filed this habeas corpus action on April 27, 2026. Doc. 1.[1] Chief United States District Judge Scott L. Palk referred the matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 3.

The undersigned recommends the Court dismiss this case for failure to follow the Court's orders and Rules and for failure to prosecute.

### I. Discussion.

On May 5, 2026, the Court ordered Petitioner to submit an IFP application or pay the $5.00 filing fee for habeas actions by May 26, 2026. Doc. 4. The Court warned Petitioner that failure to comply with the order could

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

result in the Court dismissing the case. *Id.* at 1-2. The Clerk of Court sent the order and necessary form to Petitioner at the address he provided to the Court. *See id.* (court notes). "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4. As of this date, Petitioner has not responded to the Court's order. And mail sent to Petitioner at the address he provided to the Court has not been returned.

Petitioner appears pro se, but he must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Petitioner's failure to comply with this Court's order and Rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(b) (instructing that a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order"); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II.    Recommendation and notice of right to object.

2

For the reasons set forth above, the undersigned recommends the Court dismiss the action without prejudice.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 29, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Petitioner that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of June, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE